IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KARIUKI ALFRED WACHAGA,**
A#205-496-918,
**Petitioner,**

v.   Case No. 17-cv-226-DRH

**LORETTA LYNCH,**
**JEFF CHARLES JOHNSON,**
**RICARDO A. WONG,**
**SOUTHERN DISTRICT OF ILLINOIS**
**FIELD OFFICE,**
**and WARDEN OF IMMIGRATION**
**DETENTION FACILITY,**
**Respondents.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Kariuki Alfred Wachaga is currently being held at the Pulaski County Detention Center in Ullin, Illinois. (Doc. 1 at 3). Proceeding *pro se,* Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by Immigration & Customs Enforcement officials since March 31, 2016. (Doc. 1). Petitioner insists that his detention is improper because he has been detained pending removal for longer than the six months that is presumptively allowed under *Zadvydas v. Davis,* 533 U.S. 678 (2001), and there is no likelihood of removal in the reasonably foreseeable future.

This matter is now before the Court for a preliminary review of the Petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review of the petition by the district court

judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action.

## Background

Petitioner is a native citizen of the Republic of Kenya who has lived in the United States for almost eleven years.  (Doc. 2 at 2).  On August 6, 2014, he was taken into custody by Immigration and Customs Enforcement ("ICE") officials and charged with overstaying his Visa, which expired in 2008.  *Id.*  He was released on $3000 bond and surrendered his expired Republic of Kenya passport.  *Id.* Petitioner was later arrested on March 8, 2016 on a warrant for possession of marijuana, and ICE officials subsequently issued him an I-340 form ordering him to appear on March 31, 2016 at the Department of Homeland Security office in downtown St. Louis.  (Doc. 1 at 2-3).  Petitioner complied with the order, and March 31, 2016 his bond was revoked, he was taken into custody, and he was detained in Pulaski County Detention Center, where he remained at least until the date he filed this Petition. (Doc. 1 at 3).  Petitioner lost his asylum case June 14, 2015, on which date a decision was issued ordering Petitioner be removed from the United States.  *Id.*  Petitioner's leave to appeal expired July 14, 2016, on which date his order of removal was finalized.  *Id.*  On October 5, 2016, ICE conducted its first 90-days post-order custody review of the Petitioner's case, in which Petitioner's Deportation Officer recommended he be released on an order

of supervision. *Id.* On October 7, 2016, the Chicago Field Office Director Ricardo A. Wong issued a decision to continue Petitioner's detention. (Doc. 1 at 4). On January 27, 2017, the Director of the Department of Homeland Security Headquarter Post-Order Detention Unit Floyd S. Farmer also issued a decision to continue Petitioner's detention. *Id.* To date, Petitioner has not yet been removed from the United States, and he remains in detention pending removal. (Doc. 1 at 5). Petitioner now challenges his ongoing detention in this habeas corpus action filed March 3, 2017 under 28 U.S.C. § 2241. (Doc. 1).

## **Discussion**

Petitioner's habeas petition alleges that his ongoing detention violates certain constitutional provisions and the Supreme Court's interpretation of 8 U.S.C. § 1231(a)(6) in *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Court's preliminary review of Petitioner's Petition suggests that it cannot be dismissed at the screening stage, so the Petition will proceed past preliminary review. However, Petitioner has named a number of defendants that are not proper in a § 2241 action. In *Kholyavskiy v. Achim,* 443 F.3d 946, 952–53 (7th Cir. 2006), the Seventh Circuit held that an immigration detainee raising substantive and procedural due process challenges to his "confinement while awaiting removal" could only name the person who has immediate custody of him during his detention, and not high-level ICE officials or the Attorney General. Accordingly, all defendants other than the Warden of the Immigration Detention Facility will be dismissed from this case.

**Pending Motions**

Petitioner has filed a Motion to Appoint Counsel (Doc. 2) which is hereby **REFERRED** to Magistrate Judge Clifford J. Proud for consideration.

Petitioner has filed a "Petition to Stop I.C.E.-D.H.S. Transferring the Detainee from Southern District Courts Jurisdiction" (Doc. 3), which is hereby **REFERRED** to Magistrate Judge Clifford J. Proud for consideration.

**Disposition**

**IT IS HEREBY ORDERED** that Petitioner's Petition for a writ of habeas corpus shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that **LORETTA LYNCH**, **JEFF CHARLES JOHNSON**, **RICARDO A. WONG**, and **SOUTHERN DISTRICT OF ILLINOIS FIELD OFFICE** are hereby **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Warden of the Immigration Detention Facility shall answer Petitioner's Petition within thirty days of the date this Order is entered (on or before April 6, 2017).[1]  This Order to respond does not preclude the respondent from making whatever waiver, exhaustion, or timeliness arguments it may wish to present to the Court.  Service upon the Warden of the Immigration Detention Facility/Pulaski County Detention Center, 20 Justice Drive, Ullin, Illinois, 62992, shall constitute sufficient service.

Out of an abundance of caution, and pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the Petition and this

---

[1] The response date ordered herein is controlling.  Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Order to the United States Attorney for this District, and to send a copy of the Petition and Order via registered or certified mail to the United States Attorney General in Washington, D.C., and to the United States Department of Homeland Security.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
Signed on this 7th day of March, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.03.07 10:10:50 -06'00'

**UNITED STATES DISTRICT JUDGE**